UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01777-JLS (JDEx) | Date | April 13, 2020 |
|---|---|---|---|
| Title | International Business Machines Corporation v. Zillow Group, Inc., et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| n/a | n/a |

**Proceedings:**   Order Denying Motion to Compel (Dkt. 68)

# I.
# INTRODUCTION

On February 26, 2020, Plaintiff International Business Machines ("IBM") filed a Motion to Compel Defendants Zillow Group, Inc. and Zillow, Inc. (collectively, "Zillow") to provide further responses to Interrogatory Nos. 1-10 ("the 10 Disputed Interrogatories") and Requests for Production of Documents ("RFP") Nos. 1-144, ("the 144 Disputed RFPs"), set for hearing on April 30, 2020 (Dkt. 68, "Motion"), and supported by a Local Rule 37-2 Joint Stipulation (Dkt. 68-1) and declarations and exhibits in support of and in opposition to the Motion (Dkt. 68-2 to 68-15). On February 27, 2020, amended on February 28, 2020, the Court ordered that any Local Rule 37-2.3 supplemental memoranda in support of or in opposition to the Motion be filed by March 5, 2020, and directed IBM to include with its supplemental memorandum:

> all evidence showing that it complied with the pre-filing requirements of Local Rule 37-1, including by: (1) sending a letter or email that identifies "each issue and/or discovery request in dispute" and states "with respect to each such issue/request the moving party's position (and provide[s] any legal authority which the moving party believes is dispositive of the dispute as to the issue/request)"; (2) arranging a conference "in person at the office of moving party's counsel, unless the parties agree to meet someplace else" when counsel for both parties are located in the same county within the Central District; and (3) having such a conference "in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01777-JLS (JDEx) | Date | April 13, 2020 |
|---|---|---|---|
| Title | International Business Machines Corporation v. Zillow Group, Inc., et al. | | |

Dkt. 73, 75. The parties filed supplemental memoranda on March 5, 2020. Dkt. 77, 78. On March 20, 2020, the Court vacated the April 30, 2020 hearing date.

The Motion having been fully briefed, the Court DENIES the Motion for the reasons set forth below.

## II.
## RELEVANT LAW

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule" or collectively, "Rules") 26(b)(1). Rule 16(b)(3) requires district courts to issue scheduling orders that govern the time to complete discovery and permits courts to modify the timing of disclosures required under Rule 26(a) and 26(e)(1) and modify the extent of discovery.

Under Rule 34(a)(1), a party may serve on any other party requests, within the scope of Rule 26(b), to produce or permit inspection of, among other things, "(A) any designated documents or electronically stored information." Such requests "must describe with reasonable particularity each item or category of items to be inspected . . . [and] must specify a reasonable time, place, and manner for the inspection . . . ." Rule 34(b)(1)(A), (B). The party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C). A propounding party may move for an order compelling an answer or production to a request for production if the responding party fails to produce documents or fails to respond as requested under Rule 34. Rule 37(a)(3)(B)(iv). An evasive or incomplete answer or response is treated as a failure to answer or respond. Rule 37(a)(4).

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4). A propounding party may move for an order compelling an answer to an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01777-JLS (JDEx) | Date | April 13, 2020 |
|---|---|---|---|
| Title | International Business Machines Corporation v. Zillow Group, Inc., et al. | | |

interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii).

Local Rules 37-1 through 37-4 set forth the preferred procedures for the filing of a discovery motion in this Court. Under Local Rule 37-1:

> Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else. If both counsel are not located in the same county, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference. The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

L.R. 37-1 (emphasis added). "If counsel are unable to settle their differences, they must formulate a written stipulation, unless otherwise ordered by the Court. The stipulation must be filed and served with the notice of motion." L.R. 37-2. "Following the conference of counsel, counsel for the moving party must personally deliver, e-mail, or fax to counsel for the opposing party the moving party's portion of the stipulation, together with all declarations and exhibits to be offered in support of the moving party's position." L.R. 37-2.2 (emphasis added). Then, after inclusion of the opposing party's position and signatures, the joint stipulation is filed with the notice of motion." Id.

Courts may deny discovery motions for failure to comply with the Local Rules' requirements for such motions. See Pina v. Lewis, 717 F. App'x 739, 740 (9th Cir. 2018) (holding district court may properly deny "a motion to compel for failing to comply with local rules"); see also Tri-Valley CARES v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01777-JLS (JDEx) | Date | April 13, 2020 |
|---|---|---|---|
| Title | International Business Machines Corporation v. Zillow Group, Inc., et al. | | |

Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Lumber Liquidators, Inc. v. Sullivan, 2012 WL 4464867, at *4 (C.D. Cal. Aug. 31, 2012) (denying discovery motion for failure to comply with L.R. 37-2); So v. Land Base, LLC, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009) (same).

## III.
## DISCUSSION

The Motion seeks "an Order compelling [Zillow] to respond to" the 10 Disputed Interrogatories and 144 Disputed RFPs (collectively, the "154 Disputed Requests"). Motion at 1. More specifically, IBM asks the Court to order Zillow to "substantively respond" to the 10 Disputed Interrogatories within three days of the Court's order and to produce documents requested by the 144 Disputed RFPs within 14 days of the order. Jt. Stip. at 30.

As noted, Local Rule 37-1 sets the procedures for discovery motions in this district—starting with the service of a meet and confer letter requesting a conference that must "identify each issue and/or discovery request in dispute," "state briefly with respect to each such issue/request the moving party's position," and "specify the terms of the discovery order to be sought." The Court ordered IBM to, in its Supplemental Memorandum, identify the meet and confer correspondence that complies with Local Rule 37-1. In its Supplemental Memorandum, IBM identified portions of two emails: (1) a February 13, 2020 email in which IBM asked Zillow to: "Please be prepared to discuss Zillow's failure to substantively respond to [the Disputed Requests] based on Zillow's argument that the requests are premature until 'Zillow or the Court has deemed [IBM's infringement contentions] to be sufficient under Patent L.R. 3-1' on today's meet and confer. The law of both the Northern District and of this case is clear that Zillow cannot wholesale refuse to engage in discovery merely based on whether IBM has served its infringement contentions. [Citation.] To the contrary, the local patent rules and Rule 26 collectively allow for a period of 35 days where discovery is permitted without any infringement contentions having been served." (Dkt 74 at 2 (citing Dkt. 74-5 at 5 (CM/ECF pagination)); and (2) a February 14, 2020 email from IBM to Zillow citing and summarizing the February 13, 2020 email set forth in (1) (Dkt. 74 at 2 (citing Dkt. 74-6 a 2 (CM/ECF pagination)).

The Court finds that IBM has shown that it met its obligations under Local Rule 37-1 to send a meet and confer letter as to one issue: whether Zillow's single objection based on Northern District Patent Local Rule 3-1 is well-taken. However, the Motion does not only ask the Court to rule on that single objection. Instead, in the Motion and the Joint Stipulation ask the Court to order Zillow to provide substantive responses to each of the 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:19-cv-01777-JLS (JDEx) | Date | April 13, 2020 |
|---|---|---|---|
| Title | International Business Machines Corporation v. Zillow Group, Inc., et al. | | |

Disputed Interrogatories and to produce documents requested by each of the 144 Disputed RFPs. Many of Zillow's responses to the Disputed Requests assert other objections, such as the attorney-client privilege, the work product doctrine, confidentiality, proportionality unrelated to Northern District Patent Local Rule 3-1, calling for premature expert discovery, overbreadth, undue burden, failure to identify items with particularity under Rule 34(b)(1)(A), and vagueness, among others. IBM has <u>not</u> shown that it sent a proper meet and confer letter, or actually conferred, regarding these other objections. In fact, IBM does not address these other objections. The Court cannot order the comprehensive relief IBM seeks—an order requiring substantive responses to interrogatories and production of documents requested—because IBM neither met and conferred nor substantively addressed these other objections.

Thus, the Motion must be denied at least as it relates to any of the responses to the 154 Disputed Requests that contain any other objection or do not assert an objection based on North District Patent Local Rule 3-1. Further, the Court declines to attempt, on its own, to determine which of the responses to the Disputed Requests contain only an objection based on Northern District Patent Local Rule 3-1 for several reasons.

First, it was IBM's obligation to prepare a Joint Stipulation that contains "all issues in dispute" and the parties' position as to those issues. By its failure to address the other objections while still demanding "substantive" responses to all interrogatories and production in response to all RFPs, IBM did not meet its obligation. Instead, IBM filed a Motion, totaling 1,400 pages with all of its related supporting and opposing papers, seeking relief that the Court cannot grant. The Court declines to attempt to further forage through the vast, misshapen record created by IBM's "Ready—Fire—Aim" approach to discovery.

Second, even accepting the two emails cited by IBM as sufficient correspondence to start the Local Rule 37 process for one narrow objection, the remainder of the meet and confer process demonstrates a wholesale failure to IBM to comply with the letter and the spirit of Local Rule 37, which requires not just that correspondence, but also a conference in a "good-faith effort" to, among other things, "eliminate as many of the disputes as possible" before the filing of a discovery motion. IBM cites three instances which it claims constituted such a conference. The first allegedly took place on January 6, 2020, more than a month before Zillow's February 12, 2020 responses were served (Dkt. 74 at 1), and as such, cannot constitute a full good faith effort to eliminate as many disputes as possible. The third supposed conference took place on February 25, 2020, the day before the filing of the Motion and well after IBM had sent its portion of the Joint Stipulation to Zillow. <u>See id.</u> at 4. However, Local Rule 37.2.2 mandates that the moving party only send its portion of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:19-cv-01777-JLS (JDEx) | Date | April 13, 2020 |
|---|---|---|---|
| Title | International Business Machines Corporation v. Zillow Group, Inc., et al. | | |

Joint Stipulation <u>after</u> the conference of counsel; thus, the February 25, 2020 conference cannot operate as the required Local Rule 37 conference. That leaves only the "conference" on February 13, 2020, the day after service of the responses to the 154 Disputed Requests. The parties dispute whether they actually substantively engaged in a meet and confer on February 13. <u>Compare</u> Dkt. 74 at 3-4 <u>with</u> Dkt. 78 at 2-3. The Court has doubts that the parties did, or could have, met and conferred, in good faith, to resolve all disputes regarding all responses and objections to 154 Disputed Requests, totaling 134 pages, the day after the responses were served. In fact, the proof is in the pudding; the Joint Stipulation reflects that the parties did not do so.

Third, issues relating to Zillow's objection based on Northern District Patent Local Rule 3-1 have been presented to the Honorable Josephine L. Staton, United States District Judge, in Zillow's Motion to Strike IBM's Infringement Contentions and Stay Patent Local Rule Deadlines and Other Discovery," set for hearing on May 1, 2020, in which Zillow seeks, among other things, an order from Judge Staton "staying additional discovery from Zillow in the absence of infringement contentions that comply with Patent Local Rule 3-1 Dkt. 80 ("Motion to Strike/Stay Discovery") at 2. In light of the pending motion, a ruling at this time on Zillow's objection would be improvident and not in the interests of the just, speedy and inexpensive determination of the action. <u>See</u> Rule 1.

## IV.
## CONCLUSION AND ORDER

For the foregoing reasons, the Motion (Dkt. 68) is DENIED without prejudice to IBM re-filing following compliance with Local Rule 37 and subject to any ruling by Judge Staton on Zillow's Motion to Strike/Stay Discovery.

IT IS SO ORDERED.

:

Initials of Clerk:     mba